UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JONATHAN T. CARTER,  )
    )
    Plaintiff,  )
    )
    vs.  )  17-CV-1110
    )
MICHAEL MELVIN, *et al.*,  )
    )
    Defendants.  )

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in Menard Correctional Center, was granted leave to proceed *in forma* pauperis. This cause is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court set a merit review hearing in order to allow the plaintiff a chance to personally explain his claims to the court.

In his complaint, plaintiff makes conclusory allegations that officials at Pontiac Correctional Center ("Pontiac") provided inadequate medical care, subjected him to excessive force and inhumane living conditions, and failed to properly investigate his claims. Plaintiff does not provide much detail in the body of his complaint. However, plaintiff stated in open court that in June of 2015, he was diagnosed with H. Pylori and stomach ulcers and that the medical staff at Pontiac prescribed him the wrong medication for his condition.

Plaintiff may be able to state a claim, but his allegations are too conclusory for the court to determine what claims he is currently trying to assert. Furthermore, many of plaintiff's alleged claims appear to be improperly joined in the same lawsuit. *George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

Plaintiff's complaint is dismissed with leave to replead. Plaintiff's amended complaint must state one claim against one set of defendants, and must be a short and plain statement of the claim for relief. *See* Fed. R. Civ. P. 8. Any additional claims plaintiff wishes to pursue must be filed in separate lawsuits, and an additional filing fee will be assessed for each lawsuit.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order that complies with the Court's instructions above. In short, plead more facts. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3. Plaintiff's motions [5][7] to have the Court request his trust fund ledgers are denied as moot. The Court requested them on March 20, 2017, *see* [6], and received them on March 29, 2017. *See* [9].

ENTERED this 10th day of May, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge