## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JONATHAN CARTER,          )
                               )
               Plaintiff,    )
                               )
v.                          )       17-1110
                               )
MICHAEL MELVIN, *et al.*     )
                               )
          Defendants )
.

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff is incarcerated at Pontiac Correctional Center ("Pontiac"). He alleges in his amended complaint that Defendants Tilden, Hansen, and Ojelade, all physicians or physician's assistants, prescribed him medication that was not effective and refused additional diagnostic testing for a stomach infection. Plaintiff also alleges that Defendants Chicke, Klellesuik, Caldwell, and Cynthia W., all nurses, denied him medical treatment in some

1

way, but he provides little detail concerning these events. Finally, plaintiff alleges generally that several correctional officers housed him in unconstitutional conditions.

Plaintiff states a claim for deliberate indifference to a serious medical need against Defendants Tilden, Hansen, and Ojelaide. *See Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016). Plaintiff's allegations against the defendant nurses and other medical professionals do not provide enough information for the Court to determine if plaintiff states a constitutional claim. The defendant nurses will be dismissed without prejudice to amendment.

Plaintiff's allegations against the correctional officers are also too conclusory for the Court to find that plaintiff states a constitutional claim. In addition, these claims must be brought in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). Therefore, these claims will be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend complaint (#15) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Tilden, Hansen, and Ojelaide. All remaining Defendants are dismissed. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4) The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6) The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9) The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The clerk is directed to terminate Defendants Melvin, Punke, Prentice, Clice, Klellesuik, Caldwell, Eshelemen, Cirttia W., Moss, and Haag.

13) The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14) Plaintiff filed a Motion to Request Counsel (#4). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has shown that he made a reasonable attempt to secure counsel on his own. Plaintiff, however, has personal knowledge of the facts, has been able to adequately convey them to the Court, should be able to obtain his medical records through the discovery process, and his claims do not appear overly complex at this stage. Plaintiff's motion (#4) is therefore denied with leave to renew.

15) Plaintiff filed a Motion to Obtain Expert and Physical and Mental Examination by Professional (#18). Rule 706 of the Federal Rules of Civil Procedure permits a court to appoint an expert, but the record at this point is insufficient for the Court to make a finding that expert testimony is necessary to assist the trier of fact in making factual determinations. Plaintiff's motion (#18) is therefore denied.

16) Plaintiff's motions for status (#17)(#20) are granted. This order resolves all pending motions in this case, and, as described above, the Court will attempt service on the defendants. Plaintiff is advised to wait until defendants have appeared before filing any additional motions for status.

17) Plaintiff's motions to compel (#19)(#21) are denied. Defendants have not yet appeared in this case. Motions under

Rule 37 of the Federal Rules of Civil Procedure are premature at this point.

Entered this 15th day of September, 2017.

/s/Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE